JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Davonne Keith ("appellant") appeals from the judgment of the trial court denying his motion to suppress evidence. For the reasons set forth below, we affirm.
 {¶ 2} The following facts were adduced at the suppression hearing. Officer Russell of the Cleveland Police Department was on duty on May 5, 2003 when he received a complaint of drug activity by two males in the neighborhood. A resident had flagged down the Officer to report that appellant was approaching cars and making frequent trips to and from a silver Chrysler. He was accompanied by a friend. The resident identified appellant. The officer talked to another neighbor who confirmed this information.
 {¶ 3} Officer Russell knew both residents quite well. The resident who flagged the officer down was a childhood friend of his and the other neighbor was an older gentlemen who Russell stated "has known me since I was in diapers."
 {¶ 4} Armed with the second report of appellant conducting suspected drug sales in the area, the officer called for backup before approaching the men for questioning. Upon approaching the men, Russell patted down appellant for his safety. He felt an object in appellant's pocket, asked what it was, and removed it after being told it was car keys. When Russell asked appellant if the keys belonged to the nearby silver Chrysler, appellant fled.
 {¶ 5} Officers eventually apprehended appellant, learned his identity following appellant's attempt to provide police with several aliases, and learned that a search warrant was out for his arrest. Police arrested appellant and thereafter conducted an inventory search of the silver Chrysler, which they later determined belonged to a third party, and found a bag of crack cocaine containing approximately sixty rocks.
 {¶ 6} Appellant was indicted on one count of drug trafficking in violation of R.C. 29225.03 with a schoolyard specification, one count of possession of drugs in violation of R.C. 2925.11, one count of felonious assault in violation of R.C. 2903.11, one count of possessing criminal tools in violation of R.C. 21923.24, one count of resisting arrest in violation of R.C. 2921.33 and one count of falsification in violation of R.C. 2921.13. The felonious assault in count three resulted from a separate incident and was bifurcated from the proceedings.
 {¶ 7} Appellant filed a motion to suppress the evidence relating to counts one, two, four, five and six. Following a suppression hearing, the trial court denied the motion. Appellant changed his plea of not guilty to a plea of no contest to counts one, two, four, five and six and was thereafter sentenced. Appellant now appeals the denial of his motion to suppress in this sole assignment of error:
 {¶ 8} "I. The trial court erred when it misapplied basicFourth Amendment principles and failed to suppress the crack cocaine."
 {¶ 9} Appellant maintains the trial court erred by not suppressing the crack cocaine found after Officer Russell allegedly exceeded the scope of a lawful detention. We disagree.
 {¶ 10} Appellate review of a trial court's ruling on a motion to suppress presents mixed questions of law and fact. See Statev. McNamara (1997), 124 Ohio App.3d 706, 710. An appellate court is to accept the trial court's factual findings unless they are "clearly erroneous." State v. Long (1998), 127 Ohio App.3d 328,332. We are therefore required to accept the factual determinations of a trial court if they are supported by competent and credible evidence. State v. Harris (1994),98 Ohio App.3d 543, 546. The application of the law to those facts, however, is then subject to de novo review. Id
 {¶ 11} The Fourth Amendment to the United States Constitution prohibits warrantless searches and seizures, rendering them per se unreasonable unless an exception applies. Katz v.United States (1967), 389 U.S. 347. A common exception to theFourth Amendment warrant requirement is an investigative stop, orTerry stop. Terry v. Ohio (1968), 392 U.S. 1. A court, evaluating the validity of a Terry search, must consider "the totality of the circumstances — the whole picture." UnitedStates v. Cortez (1981), 449 U.S. 411, 417.
 {¶ 12} Under Terry, a law enforcement officer may briefly stop and detain an individual for investigative purposes if he has a reasonable suspicion supported by articulable facts that "criminal activity may be afoot." Terry, supra at 30; accordUnited States v. Sokolow, (1989), 490 U.S. 1, 7.
 {¶ 13} We evaluate the legitimacy of Terry stops by engaging in a two-part analysis of the reasonableness of the stop. First, we must determine "whether there was a proper basis for the stop, which is judged by examining whether the law enforcement officials were aware of specific and articulable facts which gave rise to reasonable suspicion." United States v. Garza,10 F.3d 1241, 1245 (6th Cir. 1993); United States v. Hardnett,804 F.2d 353, 356 (6th Cir. 1986), cert. denied, 479 U.S. 1097, (1987). Second, we decide "whether the degree of intrusion into the suspect's personal security was reasonably related in scope to the situation at hand, which is judged by examining the reasonableness of the officials' conduct given their suspicions and the surrounding circumstances." Id.
 {¶ 14} Appellant argues the failure of Russell to personally observe any illegal activity by the appellant renders the subsequent seizure illegal. We disagree. Reasonable suspicion to initiate an investigatory stop need not be based solely on an officer's personal observations. Adams v. Williams (1972),407 U.S. 143. In fact, where, as here, the information possessed by the police before the stop stems solely from an informant's tip, the determination of reasonable suspicion will be limited to an examination of the weight and reliability due that tip." Maumeev. Weisner (1999), 87 Ohio St.3d 295. Generally, a known citizen informant is more reliable than an anonymous or known criminal informant. Id.
 {¶ 15} In this case, Officer Russell received citizen complaints from two independent sources that appellant was selling drugs. Russell knew both citizens well and trusted them. They identified appellant and reported watching him for thirty minutes approach cars and then walk frequently to and from the Chrysler. Russell knew from his experience that such conduct was consistent with drug activity. Russell lived in the area and had been patrolling it for over twelve years, and was aware it was a high drug activity area. In viewing the totality of the circumstances, we find specific and articulable facts existed to satisfy the reasonable suspicion standard and justify Russell's decision to conduct an investigatory stop and a protective weapons search on appellant.
 {¶ 16} We reject appellant's contention that the Terry stop in this case was improper, as it was in State v. Washington
(2001), 144 Ohio App.3d 482. In Washington, officers received general information about a suspected drug courier on an in-bound train. The officers were given a name, but the passenger was not identified. Upon the train's arrival, officers approached a passenger because he was carrying new luggage and was one of the last people to get off the train. This court invalidated the seizure, finding the profile characteristics the officers used, the passenger's overall appearance and demeanor, were too general in the absence of any affirmative conduct indicating criminal activity.
 {¶ 17} Washington differs substantially from the case at hand, in which the citizen informants specifically identified appellant and reported his conduct to the officer. The officer, using his vast experience as a police officer and his knowledge as a resident of the high drug activity neighborhood, had a reasonable suspicion that appellant was selling drugs and properly conducted an investigatory stop and protective weapons search. We overrule appellant's sole assignment of error.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Rocco, J., concurs. Kilbane, P.J. concurs in part anddissents in part (see attached opinion).
 CONCURRING AND DISSENTING OPINION