{¶ 43} While I concur with the majority that Melvin's arrest for the minor misdemeanor offense of possession of 12 grams of marijuana was unlawful and therefore the judgment of the trial court must be reversed, I dissent with the majority's finding that the investigatory stop by the police was not lawful.
 {¶ 44} In this case, the citizen informant had repeatedly reported suspected drug activity at this address over a four-month period. On the day in question, the informant reported watching Melvin for over an hour and seeing him approach cars, get in, drive around the block and then immediately return and go back in the house. The informant then reported seeing Melvin approach the Monte Carlo and place something in the trunk before driving off in the car. Detective Carlozzi testified that in his experience this type of conduct was consistent with drug activity. In viewing the totality of the circumstances, I find specific and articulable facts existed to satisfy the reasonable suspicion standard and justify the investigatory stop. This court has upheld the lawfulness of such a stop under similar facts in the past and I would do so here. See State v. Keith, Cuyahoga App. No. 83686, 2004-Ohio-5731. *Page 1